UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE DOSS, SR., | CASE NO. 1:09-cv-02217-AWI GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| C/O GALLARDO, | OBJECTIONS DUE IN THIRTY DAYS |
| Defendant. | |

I.   **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

The events at issue in this action occurred at California State Prison at Corcoran. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Centinela State Prison, brings this action against Defendant Correctional Officer (C/O) Gallardo, an employee of the CDCR at CSP Corcoran. Plaintiff's claim stems from a disciplinary hearing.

On January 29, 2009, Plaintiff was placed in a holding cell and advised that he was being charged with a disciplinary violation. The disciplinary charge resulted from a report made by Defendant C/O Gallardo regarding Plaintiff's conduct. Plaintiff alleges that he was placed in Administrative Segregation (AdSeg) based upon false charges. Plaintiff was eventually found not guilty of the charges. (Compl. ¶ IV.) Plaintiff seeks compensation for the loss of personal property, the loss of his prison job, and for the defamation of his character.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection

can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

### A.     Placement in Administrative Segregation

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff has alleged no facts that demonstrate that he had a liberty interest in remaining free from confinement in Administrative Segregation ("Ad-Seg"). Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). An allegation that Plaintiff was placed in AdSeg does not, of itself, state a claim for relief. Here, Plaintiff alleges no facts indicating that he suffered atypical and significant hardship in relation to the ordinary incidents of prison life. This claim should therefore be dismissed.

### B. Loss of Property

Plaintiff seeks the return of certain items of his personal property. Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989). This rule applies to the Fifth Amendment's Due Process Clause as well. Raditch, 929 F.2d at 481. Though unclear from the allegations in the complaint, it appears that Plaintiff is alleging that his property was improperly confiscated. The court therefore construes this action as one for an unauthorized, intentional deprivation of property. California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v, 31 F.3d at 816-817. This claim should therefore be dismissed.

### C. Defamation

Plaintiff seeks damages for defamation of his character. Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. Alexander v. Jeffries, 12 F.3d 1105 (9th Cir. 1993)(quoting Paul v. Davis, 424 U.S. 693, 703 (1976)); Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). An action for damages to reputation lies in the tort of defamation, not in 42 U.S.C. 1983. Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.), cert. denied, 488 U.S. 889 (1988). This claim should therefore be dismissed.

### D. Prison Job

Plaintiff alleges that his placement in AdSeg resulted in the loss of his prison job. As a matter of law, plaintiff has no substantive federal right to a prison job. See Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989). Prisoners have no constitutional right to a prison job or educational opportunties. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Thus, because Plaintiff has no constitutional right to a job while in prison, the defendant in

this action cannot be liable under section for Plaintiff's loss of his prison job.  This claim should therefore be dismissed.

### III. Conclusion and Order

The Court has screened plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  Because Plaintiff has not alleged any facts indicating that he has been deprived of a liberty or property interest, the Court recommends dismissal of this action for failure to state a claim upon which relief could be granted.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **December 16, 2010**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE